UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY DeCIANTIS,<br>    Petitioner,<br><br>v.<br><br>A.T. WALL,<br>    Respondent. | C.A. No. 12-018-M |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Petitioner Anthony DeCiantis has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief because of the prosecution's failure to turn over *Brady* evidence. (ECF No. 1.) "Under *Brady*, the prosecutor has a duty to make available to the defense exculpatory evidence, including evidence useful for impeachment, possessed by the prosecution team or its agents." *López v. Massachusetts*, 480 F.3d 591, 594 (1st Cir. 2007). Mr. DeCiantis was convicted of murder by a R.I. Superior Court jury in 1984. (ECF No. 1 at 1-2.) Since that conviction, he has filed numerous motions.

Mr. DeCiantis appealed his conviction to the R.I. Supreme Court. His conviction was affirmed in *State v. DeCiantis*, 501 A.2d 365 (R.I. 1985). Mr. DeCiantis subsequently brought three applications for post-conviction relief in the R.I. Superior Court. Each application was denied by the R.I. Superior Court and each denial was affirmed by the R.I. Supreme Court. *See DeCiantis v. State*, 599 A.2d 734 (R.I. 1991) (affirming R.I. Superior Court's denial of 1985 post-conviction relief challenges related to "aiding and abetting" jury instruction); *DeCiantis v. State*, 666 A.2d 410 (R.I. 1995) (affirming R.I. Superior Court's denial of 1993 post-conviction relief challenge regarding his parole determination); *DeCiantis v. State*, 24 A.3d 557 (R.I. 2011)

(affirming R.I. Superior Court's dismissal of 1999 amended post-conviction relief challenge regarding *Brady* material).

The instant habeas petition arises from Mr. DeCiantis' 1999 state court Amended Verified Application for Post-Conviction Relief. (ECF No. 1 at 5-8; ECF No. 1-3 at 1.) In that application, Mr. DeCiantis alleged, among other things, that "newly discovered evidence of prosecutorial misconduct" revealed that the prosecution had "deliberately and intentionally failed to disclose rewards and inducements paid to [its] witness William Ferle . . . ." (ECF No. 1-3 at 2.) At trial, Mr. Ferle testified to his extensive criminal background; that he was in State custody; and that he hoped he would get leniency from the State. *DeCiantis*, 24 A.3d at 560-61. However, Mr. DeCiantis asserted that "the State withheld information regarding the *specific* promises, rewards and inducements made to witness William Ferle" and "the State intentionally withheld an uncharged act—the murder of Ronald McElroy—admitted by [Mr.] Ferle prior to trial." (ECF No. 1-3 at 8, 9.)

The R.I. Superior Court hearing justice heard testimony from various witnesses on two days, as well as oral argument. *Id.* at 1. On March 7, 2007, the hearing justice denied and dismissed Mr. DeCiantis' Amended Application for Post-Conviction Relief. *Id.* Mr. DeCiantis appealed, arguing that the hearing justice had erred in several ways. *See DeCiantis*, 24 A.3d at 559. In his appellate brief, Mr. DeCiantis pointed to the prosecution's withholding of a variety of evidence about Mr. Ferle, including Mr. Ferle's involvement in eleven capital felonies and the State's expenditure of over twenty thousand dollars over a fourteen month period to support Mr. Ferle and his family. (ECF No. 1-4 at 6, 7.) Mr. DeCiantis asserted that the prosecution's withholding of this evidence violated Rule 16 of the R.I. Superior Court Rules of Criminal Procedure as well as *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 7.

The R.I. Supreme Court affirmed the hearing justice. *DeCiantis*, 24 A.3d at 559, 573. It first inferred that the hearing justice "did not find any deliberate nondisclosure" and then found "that the hearing justice did not err in . . . his determination that no prosecutorial misconduct occurred." *Id.* at 572. Then the R.I. Supreme Court conducted a "*de novo* review with respect to whether [Mr. DeCiantis had] satisfied his burden with respect to the issue of materiality." *Id.* It found that under *Brady* and R.I. Supreme Court case law interpreting *Brady*, "Mr. Ferle's uncharged crimes should have been disclosed to Mr. DeCiantis." *Id.* at 572-73. But, based on its review of the evidence presented at trial, as well as the evidence and testimony at the post-conviction relief hearing, it concluded "that Mr. DeCiantis [had] not made the requisite showing of materiality." *Id.* at 573. These rulings form the basis for Mr. DeCiantis' instant habeas petition.

Mr. DeCiantis' habeas petition contains two grounds: (i) the R.I. Supreme Court erred when it affirmed the hearing justice's finding that the State did not deliberately withhold exculpatory evidence from Mr. DeCiantis (ground one); and (ii) the R.I. Supreme Court erred when it found that the State's failure to disclose exculpatory evidence was not material (ground two). (ECF No. 1 at 5-8.) The State has moved to dismiss, arguing that: (i) Mr. DeCiantis' petition is untimely; and (ii) ground two should be dismissed because the R.I. Supreme Court's finding that the prosecution's failure to turn over evidence would not have changed the outcome of the trial was neither "contrary to" nor an "unreasonable application of" clearly established U.S. Supreme Court law. (ECF No. 3 at 4-10.)

### I. Timeliness of the Petition

In its motion, the State suggests that Mr. DeCiantis' petition is time barred because he could have discovered the evidence in question at a substantially earlier date such that 28 U.S.C. § 2244(d)(1)(D), an exception to the one year statute of limitations for filing a federal habeas

3

petition, does not apply. (ECF No. 3 at 4-6.)[1] Subsection (1)(D) provides that the "1-year period of limitation" runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (2006).

Mr. DeCiantis explains that it was his 1999 reading of *State v. Marrapese*, 583 A.2d 537 (R.I. 1990), another case where Mr. Ferle testified, that led him to discover that the State had failed to disclose to him *Brady* evidence about Mr. Ferle. (ECF No. 4-1 at 2; ECF No. 3-1 at 13, 22, 24-25.) Mr. DeCiantis contends that he was never informed of Mr. Ferle's eleven "additional uncharged capital felonies, or the support paid for [Mr.] Ferle and his family." (ECF No. 4-1 at 2.) Mr. DeCiantis further claims that he had "no reason to suspect that the State withheld critical information about [Mr.] Ferle," and he had no reason "to have undertaken an independent investigation" of these issues. *Id.*

Once Mr. DeCiantis was alerted by *Marrapese* "that there was much more to [Mr.] Ferle than the State had disclosed" to him, Mr. DeCiantis asked his attorney to review court files that Mr. DeCiantis was unable to access because of his confinement. *Id.* at 4. It was only after review of these files that Mr. DeCiantis' attorneys learned of the withheld evidence. *Id.* at 2, 4. It is the withheld evidence that provided the factual predicates for the *Brady* claims and prompted the October 25, 1999 filing of an Amended Verified Application for Post-Conviction Relief. *Id.* at 2; *see also DeCiantis*, 24 A.3d at 562; (ECF No. 1-3 at 1). Based on the aforementioned events, Mr. DeCiantis argues that his petition was timely filed. (ECF No. 4-1 at 5.)

---

[1] At the hearing on its Motion to Dismiss, the State said that it would not discuss its untimely argument and it did not discuss its untimely argument.

This Court finds that Mr. DeCiantis' petition was timely filed under § 2244 (d)(1)(D) and (d)(2).[2] Mr. DeCiantis had no reason to suspect that the State had withheld evidence. Once he learned additional information about Mr. Ferle by reading the *Marrapese* opinion, Mr. DeCiantis acted with due diligence by having counsel look into the matter by reviewing court files, discover the factual predicates for his *Brady* claims, and amend his pending post-conviction application to include arguments about the new evidence. Once the denial of that application was affirmed by the R.I. Supreme Court, Mr. DeCiantis promptly filed a habeas petition in this Court.

Therefore, the State's Motion to Dismiss the petition as untimely is DENIED.

## II. Merits of Ground Two of the Petition

To comply with *Brady* and its progeny, a prosecutor cannot suppress evidence favorable to the accused that "is material either to guilt or to punishment." *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999) (quoting *Brady*, 373 U.S. at 87). In ground two of the petition, Mr. DeCiantis contends that the R.I. Supreme Court erred when it found that the withheld evidence was not material and affirmed the R.I. Superior Court's denial of his claim. (ECF No. 1 at 7.)

There is no dispute that the prosecution failed to turn over evidence favorable to Mr. DeCiantis; the issue is whether that evidence was material. *See DeCiantis*, 24 A.3d at 573. The U.S. Supreme Court has explained that "evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler*, 527 U.S. at 263 (1999) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In other words, "even a wrongful withholding of evidence is not a basis for *Brady* relief unless it was prejudicial, meaning (in this context) either a likelihood of a

---

[2] Subsection (d)(2) provides that "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

5

different result or circumstances that otherwise shake a court's confidence in the result of the trial." *López*, 480 F.3d at 595 (citing *Strickler*, 527 U.S. at 281; *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

### A. Standard of Review

On habeas review, this Court applies 28 U.S.C. § 2254(d)(1)'s deferential standard: the habeas petition "shall not be granted" unless the R.I. Supreme Court's adjudication of the claim at issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." "Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the U.S. Supreme] Court." *Wetzel v. Lambert*, 565 U.S. ——, ——, 132 S.Ct. 1195, 1198 (2012) (quoting *Harrington v. Richter*, 562 U.S. ——, ——, 131 S.Ct. 770, 786 (2011)).

### B. R.I. Supreme Court's Opinion

In *DeCiantis*, the R.I. Supreme Court found that although "Mr. Ferle's uncharged crimes should have been disclosed to Mr. DeCiantis," Mr. DeCiantis did not make "the requisite showing of materiality." 24 A.3d at 573. Mr. DeCiantis' *Brady* claim therefore failed because he had not met his burden to show that the nondisclosure was prejudicial, meaning the R.I. Supreme Court found that Mr. DeCiantis did not show "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Chalk*, 816 A.2d 413, 419 (R.I. 2002) (quoting *Strickler*, 527 U.S. at 280). To support its conclusion, the R.I. Supreme Court reviewed the cross-examination of Mr. Ferle during Mr. DeCiantis' trial:

6

> . . . Mr. Ferle was confronted with his prior conviction of conspiracy and bank fraud, as well as pending charges of obtaining money under false pretenses, robbery, arson, and even murder. Mr. Ferle was also questioned as to (1) whether or not he was providing testimony "[o]ut of the goodness of [his] heart;" (2) what promises or inducements he had been given in exchange for his testimony; and (3) what he "would like to happen" as a result of his providing testimony that supported the prosecution's case. Mr. Ferle was questioned repeatedly with respect to what he hoped to obtain in return for his testimony. Finally, he was also questioned explicitly as to whether or not he was receiving monetary support from the state or from the police.

*DeCiantis*, 24 A.3d at 573. In light of this testimony, it was "clear" to the R.I. Supreme Court "that it could not have escaped the attention of the jury that Mr. Ferle had an extensive criminal background, that he had decided to testify against members of organized crime . . . , and that he hoped to receive protection and avoid incarceration in exchange for his testimony." *Id.* And therefore the R.I. Supreme Court was "unpersuaded that evidence of additional criminal activity on the part of Mr. Ferle would have materially changed the jury's evaluation of him as a witness or would have changed the ultimate result of the proceeding." *Id.* The R.I. Supreme Court concluded that Mr. DeCiantis had not met his burden to show "that the nondisclosed evidence was material." *Id.*

### C. Analysis

The State argues that ground two of Mr. DeCiantis' petition should be dismissed because the R.I. Supreme Court's denial of this *Brady* claim — that the withheld evidence was not material—was neither "contrary to" nor "an unreasonable application of" clearly established U.S. Supreme Court law. (ECF No. 3 at 6-10.) Mr. DeCiantis responds that the R.I. Supreme Court decision was both "contrary to" and an "unreasonable application of" clearly established U.S. Supreme Court law. (ECF No. 4-1 at 5-10.)

"A state court decision is contrary to clearly established federal law if it 'contradicts the governing law set forth in the Supreme Court's cases or confronts a set of facts that are

7

materially indistinguishable from a decision of the Supreme Court' but reaches a different result." *Companonio v. O'Brien*, 672 F.3d 101, 109 (1st Cir. 2012) (quoting *John v. Russo*, 561 F.3d 88, 96 (1st Cir.2009)). In *DeCiantis*, the R.I. Supreme Court applied *Brady* and its own cases relying on *Brady* to Mr. DeCiantis' claim. 24 A.3d at 572-73. It concluded that Mr. DeCiantis had not met his burden to show that the undisclosed evidence was material. *Id.* at 573. This decision was based on a review of trial testimony and post-conviction hearing testimony. *Id.* In light of the jury's knowledge of Mr. Ferle's "*extensive* criminal background" and his involvement with the authorities, this decision neither contradicts the governing law, nor does it reach a conclusion different than one reached by the U.S. Supreme Court on materially indistinguishable facts. As such, this conclusion was not "contrary to" clearly established U.S. Supreme Court law.

The U.S. Supreme Court has explained that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "[S]ome increment of incorrectness beyond error is required." *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir. 2002) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). As explained *supra*, the R.I. Supreme Court applied *Brady* to determine that the improperly withheld evidence was not material. Given the jury's knowledge of Mr. Ferle's extensive criminal activities and his cooperation with the authorities, this Court cannot say that the R.I. Supreme Court's application of federal law was incorrect.

**D.     Conclusion**

The R.I. Supreme Court's 2011 ruling that the withheld *Brady* evidence was not material cannot be characterized as either "contrary to" clearly established U.S. Supreme Court law or an "unreasonable application of" clearly established U.S. Supreme Court law. Therefore, the State's Motion to Dismiss (ECF No. 3) is GRANTED as to ground two of the petition.

### III. Merits of Ground One of the Petition

Ground one of the petition contends that the R.I. Supreme Court erred in affirming the R.I. Superior Court's finding that the State did not deliberately withhold exculpatory evidence from the defense. (ECF No. 1 at 5.) Neither the State nor Mr. DeCiantis addressed the R.I. Supreme Court's ruling on the *deliberate* withholding of evidence. This Court has found that the petition was timely filed. The State is ordered to respond to ground one of the petition within thirty (30) days of the date of this Memorandum and Order, and Mr. DeCiantis shall respond to the State within thirty (30) days from the date of the State's filing.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

Date: June 18, 2012