UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY DeCIANTIS, )
    Petitioner, )
)
v. ) C.A. No. 12-018-M
)
A.T. WALL, )
    Respondent. )

## ORDER

Anthony DeCiantis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the Petition) seeking relief because of the prosecution's failure to turn over *Brady* evidence in connection with his R.I. Superior Court trial. (ECF No. 1.) "Under *Brady*, the prosecutor has a duty to make available to the defense exculpatory evidence, including evidence useful for impeachment, possessed by the prosecution team or its agents." *López v. Massachusetts*, 480 F.3d 591, 594 (1st Cir. 2007). The Petition contains two grounds: one, the R.I. Supreme Court erred when it affirmed the finding that the State did not deliberately withhold exculpatory evidence; and two, the R.I. Supreme Court erred when it found that the State's failure to disclose exculpatory evidence was not material. (ECF No. 1 at 5-8.)

After dismissing ground two of the Petition, this Court ordered the parties to address ground one as it was not included in their original briefing. (ECF No. 7.) The State filed a response (ECF No. 9), Mr. DeCiantis filed a supplemental memorandum (ECF No. 11), and the State filed a reply. (ECF No. 12.)

This Court's June 18, 2012 Memorandum and Order (M&O) sets forth the relevant background and procedural history, and contains this Court's reasoning regarding the dismissal of ground two. (ECF No. 7.) In brief, this Court found that the R.I. Supreme Court's ruling that

the withheld *Brady* evidence was not material cannot be characterized as "contrary to" or an "unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court. *Id.* at 5-8. The State argues that this determination dooms ground one because "it is immaterial whether the alleged evidence-suppression was done deliberately or not." (ECF No. 9 at 2 n.3.) In his response, Mr. DeCiantis first focuses on the factual details of the prosecutor's alleged "deliberate misrepresentation" and "concealment" of exculpatory evidence, as well the prosecutor's objections at trial to questions seeking such evidence. (ECF No. 11 at 3-7.) Next, Mr. DeCiantis points out that if the R.I. Supreme Court had found that the prosecutor had deliberately withheld evidence, then under Rhode Island law Mr. DeCiantis would have been entitled to a new trial regardless of whether the exculpatory evidence was material. *Id.* at 7. Finally, Mr. DeCiantis argues for a materiality standard "less than" *Brady*. *Id.* at 7-10.

Under Rhode Island law, a defendant's due process rights are violated if the prosecutor deliberately fails to disclose exculpatory evidence. *State v. McManus*, 941 A.2d 222, 229-30 (R.I. 2008). Rhode Island's "standard with respect to deliberate nondisclosures 'provides even greater protection to criminal defendants than the one articulated [by the United States Supreme Court].'" *DeCiantis v. State*, 24 A.3d 557, 570 n.9 (R.I. 2011) (quoting *State v. Chalk*, 816 A.2d 413, 418–19 (R.I. 2002) (brackets in original)). In other words, under Rhode Island law, where the failure to disclose was deliberate, a defendant is granted a new trial regardless of whether the nondisclosure was material. *See, e.g., State v. Wyche*, 518 A.2d 907, 910 (R.I. 1986).[1] Under federal law, "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is *material* . . . , irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (U.S. 1963) (emphasis added). In other

---

[1] While this Court is troubled and disturbed by the state prosecutor's alleged deliberate failure to disclose exculpatory evidence, this Court's review is circumscribed by the habeas statute.

words, under federal law, where the failure to disclose was deliberate, a defendant is not granted a new trial unless the nondisclosure was material.

Here, in the context of an application for a writ of habeas corpus, this Court is bound by 28 U.S.C. § 2254(d)(1)'s deferential standard of review: the habeas petition "shall not be granted" unless the R.I. Supreme Court's "adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States." (Emphasis added.) The clearly established federal law at issue is whether the suppressed evidence "is material . . . , irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

As explained in the M&O, the R.I. Supreme Court's ruling that the withheld *Brady* evidence was not material cannot be characterized as either "contrary to" or an "unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court. (ECF No. 7 at 7-8.) Because on habeas review this Court must look to *federal* law, Rhode Island's "greater protection" for defendants cannot save ground one of the Petition. Since the R.I. Supreme Court's determination that the withheld evidence was not material is neither "contrary to" nor an "unreasonable application" of clearly established U.S. Supreme Court law, ground one, like ground two, must be dismissed. Consequently, ground one of the Petition is DISMISSED.

Mr. DeCiantis' Petition for Writ of Habeas Corpus therefore is DENIED.

IT IS SO ORDERED.

*[signature]*

John J. McConnell, Jr.
United States District Judge
October 24, 2012

3